J-S68029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAYSON S. MONTANEZ, | |
| Appellant | No. 279 MDA 2017 |

Appeal from the Order Entered September 26, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000160-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 10, 2020**

Appellant, Jayson S. Montanez, appeals from the September 26, 2016 Order entered in the Luzerne County Court of Common Pleas denying his pre-trial Petition for Writ of *Habeas Corpus*. In light of the Pennsylvania Supreme Court's recent decision in **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020) ("**McClelland II**"), we reverse.

The facts and procedural history are as follows. On November 21, 2014, the Commonwealth charged Appellant with two counts of Involuntary Deviate Sexual Intercourse ("ISDI"), two counts of Aggravated Indecent Assault, one count of Incest, and one count of Corruption of Minors[1] arising from allegations of abuse by his minor daughter (the "Complainant"). The Complainant alleged

---

[1] 18 Pa.C.S. §§ 3123(b), 3125(b), 4302(b), and 6301(a)(1)(ii), respectively.

---

* Retired Senior Judge assigned to the Superior Court.

that Appellant had sexually abused her hundreds of times between 2012 and July 2014, when she was between the ages of four and six years old.

At Appellant's January 12, 2015 Preliminary Hearing, the Commonwealth presented only hearsay evidence. In particular, the former Luzerne County Children and Youth caseworker who had interviewed the Complainant recounted statements the Complainant had made to the caseworker detailing the alleged sexual abuse. The Commonwealth also presented a video recording of the Complainant's interview at the Luzerne County Child Advocacy Center. The Complainant did not testify. The trial court found that the Commonwealth's hearsay evidence "clearly established a *prima facie* case on each of the offenses charged[,]" and, thus, held all charges over for trial. Trial Ct. Op., 2/24/17, at 2 (unpaginated).

On May 29, 2015, Appellant filed an Omnibus Pretrial Motion, which included a Petition for Writ of *Habeas Corpus*. In the Petition, Appellant asserted that Commonwealth failed to present sufficient competent, *i.e.*, non-hearsay, evidence at the Preliminary Hearing to establish a *prima facie* case as to the elements of the charged offenses.

On August 26, 2016, the trial court held a hearing on Appellant's Petition for Writ of *Habeas Corpus*. On September 26, 2016, relying "solely on the basis of the law as set forth [] in **Commonwealth v. Ricker** [120 A.3d 349, 357 (Pa. Super. 2015)], which allows the Commonwealth to use hearsay

evidence alone to establish a *prima facie* case," the trial court denied Appellant's Petition. Trial Ct. Op. at 3 (unpaginated).

On December 27, 2016, Appellant filed a Petition for Review of the trial court's September 26, 2016 Order. On February 14, 2017, this Court granted Appellant's Petition for Review after concluding that Appellant's due process challenge to the use of hearsay evidence alone to establish a *prima facie* case presented an "extraordinary circumstance" upon which to allow appeal of an interlocutory order. **See** Order Granting Petition for Review, filed 2/14/17.

However, after we granted the Petition for Review, this Court decided **Commonwealth v. McClelland**, 165 A.3d 19 (Pa. Super. 2017) ("**McClelland I**"), and addressed the very issue upon which we had based our conclusion that "extraordinary circumstances" existed in the instant matter to justify our grant of permission to appeal.[2] Thus, on February 12, 2018, we quashed this appeal. Appellant filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.[3]

Subsequently, on July 21, 2020, the Pennsylvania Supreme Court reversed this Court's decision in **McClelland I**, expressly disapproved of the

---

[2] The **McClelland I** Court held that an accused's due process rights are not violated by a preliminary hearing at which the Commonwealth presents only hearsay evidence. **Id.** at 32-33.

[3] On September 28, 2018, the Pennsylvania Supreme Court entered an Order holding Appellant's Petition for Allowance of Appeal pending disposition of **McClelland II**, *supra*. **See** Order Holding Petition for Allowance of Appeal, filed 9/28/18.

- 3 -

holding in **Ricker**, **supra**, and concluded, *inter alia*, that hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing. **McClelland II**, 233 A.3d at 721.

As a result of this change in the law, on September 9, 2020, the Supreme Court granted Appellant's Petition for Allowance of Appeal and remanded this case for our consideration of Appellant's issue in light of the Court's holding in **McClelland II**.

Appellant raised one issue on appeal:

Did the trial court err as a matter of law by allowing the Commonwealth to sustain its burden of proof solely upon hearsay and without corroborating evidence under Pa.R.Crim.P. 542(E) and in violation of [Appellant's] right to Due Process pursuant to the United States and Pennsylvania Constitutions?

Appellant's Brief at 3.

Our standard of review of the denial of a petition for writ of *habeas corpus* that raises a question of law is *de novo*, and our scope of review is plenary. **McClelland II**, 233 A.3d at 732.

"A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case." **Commonwealth v. Carper**, 172 A.3d 613, 620 (Pa. Super. 2017) (citation omitted). "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." **Id.** (citation omitted).

Pa.R.Crim.P. 542(E) permits a trial court to consider hearsay evidence in determining whether the Commonwealth has established a *prima facie* case. *See* Pa.R.Crim.P. 542(E) ("Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established."). Rule 542(E) does not, however, permit the Commonwealth to rely exclusively on hearsay evidence to establish all elements of all crimes for purposes of establishing a *prima facie* case at a preliminary hearing. **McClelland II**, 233 A.3d at 721, 735-36.

Instantly, it is undisputed that the Commonwealth presented only hearsay evidence at Appellant's preliminary hearing. Thus, pursuant to the holding in **McClelland II**, the Commonwealth failed to sustain its burden to establish all elements of all of the crimes charged for purposes of establishing *prima facie* case at the preliminary hearing. We, therefore, reverse the trial court's Order denying Appellant's Petition for Writ of *Habeas Corpus* and dismiss the charges against him.

Order reversed.  Appellant discharged without prejudice.[4]

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2020

---

[4] "Dismissal of charges and discharge of the accused for failure to establish a *prima facie* case at the preliminary hearing . . . does not implicate double jeopardy concerns." **McClelland II**, 233 A.3d at 736 n.11 (citations omitted). Accordingly, following Appellant's discharge without prejudice, the Commonwealth may refile the charges against Appellant and proceed with a new preliminary hearing. **Id.**